**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL VIGIL,<br><br>                Plaintiff,<br><br>vs.<br><br>SOUTHERN NEVADA REGIONAL HOUSING<br>      AUTHORITY, *et al.*,<br><br>                Defendants. | Case No. 2:15-cv-01738-APG-CWH<br><br>**REPORT AND**<br>**RECOMMENDATION** |

        Before the Court is Plaintiff Michael Vigil's ("plaintiff") renewed Application for Leave to Proceed In Forma Pauperis (doc. # 3), filed September 30, 2015.

        Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court, in addition to a $50.00 administrative fee, for a total of $400.00. The court may authorize the commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes an affidavit that he is unable to pay such costs or give security therefore." 28 U.S.C. § 1915(a).

        Plaintiff submitted the affidavit required by § 1915(a). In his current application, plaintiff states that he is retired and receives, on a monthly basis, $1,025.00 in social security benefits, $49.00 in veterans disability benefits, and $16.00 in food stamps. Plaintiff also indicates that he has $300.00 in his bank account, and possesses two automobiles, a 1982 Pontiac and 1985 Chevy Blazer. Plaintiff then indicates that his monthly expenses are $67.52 on electric, $21.27 on telephone service, and $240.00 on rent. Based on the information provided, the Court finds that plaintiff's income is

sufficient to pay the filing fee in this case. See Ross v. San Diego County, No. 08cv0107-BEN (RBB), 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (denying in forma pauperis application where plaintiff received $2,100 in disability payments, owned a car and house, and "carried significant debt"); see also Samuel v. Nat'l Health Svs., Inc., No. 1:06-cv-01358-AWI-TAG, 2006 WL 2884795, at *1 (E.D. Cal. Oct. 10, 2006) (denying application where plaintiff received $752.40 per month in supplemental security income, received a $10,000.00 judgment, and owned a van valued at $500.00); Matter of Anderson, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); In re Fontaine, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week).

Because plaintiff's income and other assets exceed his expenses, the Court finds that plaintiff has not satisfied the indigency requirement of 28 U.S.C. § 1915(a)(1) and can pay the costs of commencing this action. Having concluded that plaintiff is not entitled at this time to proceed in forma pauperis, the Court need not screen the complaint under 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's renewed Application for Leave to Proceed In Forma Pauperis (doc. # 3) be **denied**. Plaintiff should be required to pay the filing fee of $400.00 within thirty days from the date that an order denying plaintiff's application is entered. Failure to comply with that order will result in this Court recommending dismissal of the instant action.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 18, 2016

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**

2