**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| MICHAEL VIGIL, | Case No. 2:15-cv-01738-APG-GWF |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| HUD WASH D.C., SNRHA, SENTA ROBINSON, LATRICE J. POSEY, STEVE MCCOY, LATRECE C. STONE, et al., | (ECF Nos. 17, 21) |
| Defendants. | |

Pro se plaintiff Michael Vigil filed a complaint against the defendant Southern Nevada Regional Housing Authority and several people who work there (collectively, the "SNRHA") because he believes they are discriminating against him and not giving him the Section 8 benefits to which he is entitled. Because he has not alleged any facts that could support a plausible legal claim, and because he has not exhausted his administrative remedies, I dismiss his complaint.

A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[2] "Factual allegations must be enough to rise above the speculative level."[3] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[4] The Ninth Circuit explained these standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011):

---

[1] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[3] *Twombly*, 550 U.S. at 555.

[4] *Iqbal*, 556 U.S. at 678 (internal citation omitted).

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Even though a pro se litigant's complaint is held "to less stringent standards than formal pleadings drafted by lawyers,"[5] it nevertheless must comply with these rules.[6]

Vigil's complaint and his briefing are mostly a compilation of stories and facts not relevant to any legal claim.[7] And the claims that might be sifted from the chaff have no supporting facts to make them plausible. First, Vigil accuses SNRHA of discriminating against him because of his race or his age, but he provides no specific allegations to back this up.[8] Second, he is upset because he feels unsafe in his home and believes that he qualifies for benefits that will allow him to buy a new one.[9] But he offers no specific allegations about anything the defendants did to violate his rights related to buying a home.[10]

Finally, Vigil suggests that the defendants wrongly withheld an allowance for utilities that he is entitled to under Section 8. Again, Vigil does not provide enough specific allegations to

---

[5] *Hanines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1986).

[7] ECF No. 1-2.

[8] *Id.* at 11. Vigil simply says that the defendants discriminated against him because they reduced his Section 8 subsidy, but he offers no specific allegations suggesting that he was treated differently than anyone else.

[9] *Id.* at 8.

[10] Vigil merely says, without any supporting factual allegation, that he was discriminated against because of his age or race when he inquired about buying a home—he does not explain what the defendants did that might give rise to a plausible claim. *See id.* at 11 (alleging that the defendants are "not permitting [Vigil] to exercise his right[s]"). He does say once that the defendants reduced his subsidy related to purchasing a home, but there are no specific allegations in the complaint from which I can determine what subsidy this was, what it related to, or why he might have been entitled to more. *Id.* at 7-8.

state a plausible claim.[11]  He does not explain why he was entitled to more of a utility allowance than he received; he simply says that he was entitled to more.[12]

Even if Vigil had alleged any plausible claims, he did not properly allege that he exhausted his administrative remedies.  When someone believes a public housing agency like SNRHA made a mistake, federal law requires that person to request a hearing with the agency.[13]  If a hearing is not requested, or the person does not fully participate in the hearing, he cannot later bring his claims in federal court.[14]  This is particularly true when the plaintiff knew the process existed and intentionally abandoned it.[15]  Vigil does not allege that he exhausted the hearing process offered to him by SNRHA; rather, he admits in his briefing that he affirmatively abandoned his hearing after it was scheduled.[16]

I must therefore dismiss his complaint, both because it contains no plausible claims and because he has not exhausted his administrative remedies.

"[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," particularly if the plaintiff has not already been given a chance to amend.[17]  That said, "futile amendments should not be permitted."[18]  I am sympathetic to Vigil.  Representing oneself without an attorney is not easy, and this is particularly true when it comes to

---

[11] From his briefing, Vigil seems to be confused about the defendants' process for calculating utility allowances.  The defendants provide a number of documents (which I may not consider in the context of a motion to dismiss) that indicate that SNRHA was paying this allowance by adding it to his rental subsidy, which would appear proper under the applicable regulations.  But I need not address whether this is the case because Vigil has not alleged a plausible claim.

[12] *Id.*

[13] 24 C.F.R. § 982.555.

[14] *Adam v. Linn-Benton Hous. Auth.*, 147 F. Supp. 2d 1044, 1048 (D. Or. 2001); *Sharrock v. Fayetteville Metro. Hous. Auth.*, 2015 WL 6159021, at *4 (E.D.N.C. Oct. 19, 2015).

[15] *Brooks v. City of San Mateo*, 229 F.3d 917, 929 (9th Cir. 2000) (plaintiff could not base a discrimination claim on an adverse employment decision where she abandoned an internal review process that could have rectified an unlawful outcome).

[16] ECF No. 30 at 5.

[17] *Balisteria v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).

[18] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (quotations omitted).

the statutes and regulations related to Section 8 benefits.  But Vigil admits that he abandoned the administrative process in this case, so allowing him to amend his complaint would be futile because he cannot show he exhausted his administrative remedies.  I therefore dismiss his complaint without leave to amend.

### III.     CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 17) is GRANTED**.

IT IS FURTHER ORDERED that the plaintiff's motion for hearing **(ECF No. 21) is DENIED**.

DATED this 13th day of March, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE